UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DENISE M. HORTON | CIVIL ACTION |
| VERSUS | NO. 08-3944 |
| ALLSTATE INSURANCE COMPANY | SECTION "N" (3) |

## ORDER AND REASONS

Defendant, Allstate Insurance Company, has filed a "Motion to Strike/Motion in Limine," seeking to have Plaintiff's, Denise Horton's, mental anguish claim stricken and/or to have her experts and expert witness reports pertinent to that claim excluded from trial. Defendant argues that Plaintiff has not provided information relevant to her claim in a timely manner and that the delay, if tolerated, would unfairly prejudice it. Having considered the applicable law and the parties' submissions, **IT IS ORDERED** that Defendant's motion (Rec. Doc. 14) is **DENIED**.

Significantly, although Plaintiff's petition does not specifically request an award of mental anguish damages, it seeks an award of recoverable damages under La. R.S. 22:1220 (now La. R.S. 22:1973), which the Fifth Circuit recently confirmed can include a damage award for mental anguish. *See Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 301-04 (5th Cir. 2009). Further, upon completion of Defendant's appraisal process, Plaintiff supplemented written discovery

responses to clarify that she was seeking an award of mental anguish damages. Thus, Plaintiff has adequately provided notice of her damages claim to Defendant. *Cf. Creecy v. Metropolitan Ins. Co.*, Civil Action No. 06-9307, 2008 WL 478625, *2 (E.D. La. 10/30/08)(Vance, J)(damages claim was adequately pled in complaint). And, to the extent that this clarification was not provided earlier, the Court finds that deficiency to be harmless in this instance.

Specifically, Defendant will not be unduly prejudiced if Plaintiff is allowed to pursue mental anguish damages. Plaintiff disclosed her expert witnesses and their reports in accordance with the Court's deadlines. *See* October 21, 2008 Order (Rec. Doc. No. 6). Additionally, as reflected in Plaintiff's opposition and Magistrate Judge Knowles' March 26, 2009 Minute Entry (Rec. Doc. No. 22), Plaintiff agreed to attend the IME sought by Defendant, and to execute the necessary authorizations for release of Plaintiff's medical records. Further, on March 31, 2009, Defendant received an additional fifteen days, or until May 4, 2009, to provide its own expert reports and to add witnesses and exhibits addressing plaintiff's claim of mental anguish. *See* Rec. Doc. No. 25. Thus, Defendant either has been given, or will be given, sufficient opportunity to investigate and defend against Plaintiff's claim.

Finally, the evidence at issue is important to the adequate presentation of Plaintiff's case. The Court also finds no evidence that Plaintiff purposefully delayed in supplementing her discovery responses relative to her claim for mental anguish damages so as to hinder Defendant's defense efforts. Rather, Plaintiff has offered a reasonable explanation for the timing of her supplemental responses.

Accordingly, given the foregoing, the Court declines to grant the relief sought by Defendant with its motion. *See, e.g., Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 401-02 (consider importance of evidence, prejudice to opponent, possibility of curing any prejudice, and explanation for non-disclosure in determining sanction for discovery violation).

New Orleans, Louisiana, this 22nd day of April 2009.

**KURT D. ENGELHARDT**
**United States District Judge**